IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Gayle Wolfe, | ) C/A No.: 9:13-1830-DCN-WWD <br> ) |
| Plaintiff, | ) <br> ) **REPORT AND RECOMMENDATION** |
| vs. | ) <br> ) |
| Southwind Management Corp., | ) <br> ) |
| Defendant. | ) <br> ) |

This matter is before the court on Defendant's motion for summary judgment. Plaintiff has responded in opposition to the motion and Defendant has filed its reply. In this posture, the matte is ripe for disposition. For the reasons set forth herein, the motion for summary judgment should be granted.

## DISCUSSION

This an age discrimination case, and Defendant seeks summary judgment. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, "[t]he opposing party must demonstrate that a triable issue of fact exists; [the opposing party] may not rest upon mere allegations or denials." Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014) (quoting Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994)).

In making a determination on a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Judges are not required "to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party." Id. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). Thus, the moving party can bear its burden "either by presenting affirmative evidence or by demonstrating that the nonmovant's evidence is insufficient to establish his claim." Miles v. Bollinger, 979 F.2d 848 (4th Cir. 1992) (unpublished table decision) (citing Celotex, 477 U.S. at 331 (Brennan, J., dissenting)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

Plaintiff's complaint alleges a single cause of action against Defendant pursuant to the Age Discrimination in Employment Act. Her original complaint named Spinnaker Resorts, Inc. as the Defendant, but her amended complaint corrects that identification to name Southwind Management Corp. as the sole Defendant. Plaintiff was employed by Southwind as a loan department manager; she was 67 years old at the time of her hire. Southwind manages properties owned by Spinnaker Resorts, a developer of timeshare resorts. Basil W. Matthews, an employee of Southwind and the comptroller for Spinnaker, hired Plaintiff for Southwind in May 2011; he was 63 years old at the time of the hire. Within months after Plaintiff was hired, Matthews and other members of Southwind's senior management decided to consolidate the collections for Southwind's owners associations

with the collections function for the loan department overseen by Plaintiff. This management team decided to use a software system know as Systems Products International (SPI) for collections, as it was already the software being used by Southwind and Spinnaker's various operations, including sales and marketing, contracts, owner billings and reservations. Plaintiff resisted efforts to work with the management team to implement SPI; she specifically rejected training that was offered to her on SPI. Her resistance to using SPI became apparent to the management team when the team discovered that the collections staff were continuing to use a process of manually writing down loan payment agreements and credit card numbers in notebooks. Matthews re-emphasized to Plaintiff the importance of using SPI and that she should "embrace" the management team's direction if she was to be successful. Affidavit of Basil W. Matthews, ¶ 9; see also, id. Exh.A. Matthews encouraged Plaintiff to work with Carolyn Oliver, the daughter of Ken Taylor, the managing principal of Southwind. Ms. Oliver is a member of the board of Southwind, and she was instrumental in implementing SPI as a single platform across the companies. Matthews Affidavit, ¶ 10. Ultimately, the relationship between Plaintiff and Ms. Oliver soured. Matthews made the decision to terminate Plaintiff because she refused to adjust to the management team's instruction and implement SPI "and simply refused to engage fully in the process of implementing system enhancements." Id. ¶ 12; see also, id. ExhB. Matthews avers that age had nothing to do with the decision to terminate Plaintiff.

 Plaintiff's showing in opposition to Defendant's motion focuses on her relationship with Ms. Oliver, or more correctly the lack of a relationship. Plaintiff concedes that Matthews hired her, Plaintiff's deposition, p.34; and that she reported to Matthews, id. p.36.

She maintained that the SPI platform was not appropriate for collection purposes. Id. p.39. She talked with Ms. Oliver about SPI, but the use of SPI was not Plaintiff's choice. Id. p.44. Plaintiff maintained that "her age and experience intimidated [Ms. Oliver];" she saw that Ms. Oliver was "very fragile and that she wasn't comfortable in [Plaintiff's] presence." Id. p.47. Plaintiff opined that Ms. Oliver did not have a professional background, and that Plaintiff intimidated her because she was from a completely different background; she understood collection operations and knew how they should be run and Ms. Oliver did not want to hear that. Id. p.49. Plaintiff said that Ms. Oliver was harassing everyone in Plaintiff's section. Id. pp.80-81. Plaintiff called Ms. Oliver "the queen." Id. p.81.

Plaintiff concedes that the McDonnell Douglas framework is the appropriate analysis for use in her case. See Plaintiff's Brief in Opposition to Summary Judgment, p.4; McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Because the parties agree on this much, there is little need for the court to delve into the elements of the analysis itself. Rather, it is critical to note that the parties disagree on whether Plaintiff has shown that she was performing at a level that met Defendant's legitimate expectations. At bottom, Plaintiff has not made this showing. Indeed, as noted, Plaintiff spends an inordinate amount of time and effort to show that she and Ms. Oliver did not get along in the workplace. Moreover, Plaintiff has shown that, in her own estimation, she was performing adequately. She has not shown, however, that she was performing up to the standards that Basil Matthews and Ken Taylor expected. See King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003) ("[The plaintiff's] own testimony, of course, cannot establish a genuine issue as to whether [the plaintiff] was meeting appellee's expectations." (citation omitted)); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 960-61 (4th Cir.1996) ("'It is the perception of the

decision maker which is relevant,' not the self-assessment of the plaintiff." (quoting Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980))). And despite her showing, plain on its face, that she and Ms. Oliver did not get along, it is without question that Ms. Oliver did not have hiring and firing authority, at least in Plaintiff's case, but that Basil Matthews made the decision to terminate Plaintiff. Unfortunately for her, Plaintiff has not been able to counter Basil Mathews' showing that age was not a factor in his decision to terminate Plaintiff. That Plaintiff and Ms. Oliver did not get along or did not see eye-to-eye on the use of SPI for Defendant's collections operations is of no moment. The court cannot make the leap that Plaintiff makes and infer that animosity between her and Ms. Oliver was age based and that age was the but-for cause of Plaintiff's termination.

In the context of this case, it is important to note that the doctrine of at will employment has been recognized in South Carolina since Shealy v. Fowler, 182 S.C. 81, 188 S.E. 499 (1936). See Culler v. Blue Ridge Elec. Co-op, Inc., 309 S.C. 243, 245, 422 S.E.2d 91, 92 (1992). As the court in Culler explained, "[t]he doctrine in its pure form allows an employer to discharge an employee without incurring liability for good reason, no reason, or bad reason." Culler, 309 S.C. at 245, 422 S.E.2d at 92 (citing Ludwick v. This Minute of Carolina, Inc., 287 S.C. 219, 221, 337 S.E.2d 213, 214 (1985)); see also Hessenthaler v. Tri-County Sister Help, Inc., 365 S.C. 101, 107-08, 616 S.E.2d 694, 697 (2005) ("In general, an at-will employee may be terminated at any time for any reason or for no reason, with or without cause." (citing Stiles v. Am. Gen. Life Ins. Co., 335 S.C. 222, 224, 516 S.E.2d 449, 450 (1999))); Bookman v. Shakespeare Co., 314 S.C. 146, 149, 442 S.E.2d 183, 184 (Ct. App. 1994) ("The essence of the at-will employment doctrine is the unfettered right to terminate the employment at any time for any reason or no reason."

(citation omitted)).   The court's assessment is that Plaintiff was an at will employee of Defendant, and that absent a showing of violation of protected status - such as age, sex, race, or national origin - , Defendant could discharge her for any reason or for no reason at all. There is no genuine issue of material fact in this case regarding whether Defendant violated the Age Discrimination in Employment Act, and Defendant is entitled to summary judgment.

## RECOMMENDATION

It is therefore RECOMMENDED, for the foregoing reasons, that Defendant's motion for summary judgment (Dkt. No. 18) be GRANTED.

IT IS SO RECOMMENDED.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 8, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).